UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE A. JUSINO,<br>       Plaintiff,<br><br>       v.<br><br>DEBRA CRUZ,<br>       Defendant. | No. 3:23-cv-126 (SRU) |

**INITIAL REVIEW ORDER AND ORDER OF DISMISSAL**

Jose Jusino ("Jusino"), currently incarcerated at the Connecticut Department of Correction ("DOC") Cheshire Correctional Institution ("Cheshire"), filed this *pro se* complaint under 42 U.S.C. § 1983 against Nurse Debra Cruz in her individual capacity. *See generally* Doc. No. 1. Specifically, Jusino alleges that Nurse Cruz retaliated against him for his exercise of his First Amendment rights and violated his Fourteenth Amendment due process rights when she rejected his grievances on January 25 and January 30, 2023.[1] *Id.* at ¶¶ 1, 16-19. He seeks damages against Nurse Cruz in her individual capacity. *Id.* at ¶ 4. For the reasons that follow, Jusino's complaint is **dismissed without prejudice** pursuant to 28 U.S.C. § 1915A.

**I.     Standard of Review**

Under 28 U.S.C. § 1915A, I must review prisoner civil complaints and dismiss any portion of those complaints that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, a plaintiff's complaint must include

---

[1] Jusino also alleges that Nurse Cruz violated his rights under the Privacy Act. *Id.* at ¶ 20. Codified at 5 U.S.C. § 552a(g)(1), the Privacy Act created a private right of civil action against federal agencies only. *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008). Accordingly, Jusino cannot assert a cognizable federal claim against Nurse Cruz for a violation of the Privacy Act.

sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**II.    Background**

Jusino is an incarcerated individual who has been diagnosed with multiple psychological disorders, abnormal brain structure and cognitive disorders. Doc. No. 1 at ¶ 7. Jusino alleges that on January 21, 2023, he submitted an administrative remedy grieving the medical health treatment and services he was receiving from the DOC. *Id.* at ¶ 8.

On January 24, 2023, Nurse Cruz had the unit officer inform Jusino that he needed to walk to the medical unit to pick up the receipt for the administrative remedy. *Id.* at ¶ 8. Jusino alleges that he becomes overwhelmed with anxiety when he exits his cell. *Id.* at ¶ 9. As a result of that condition, he refused to walk to the medical unit. *Id.* Instead, Jusino asked the unit officer to tell Nurse Cruz to "stop being lazy" and to have the receipt brought to him or put it in his mailbox. *Id.* at ¶ 9. The unit officer later informed Jusino that Nurse Cruz was "mad" that he had called her lazy and that she wanted Jusino to know that she "got lazy" for him. *Id.*

On January 25, 2023, Jusino received the administrative remedy in the mail, showing that it had been rejected by Nurse Cruz. *Id.* at ¶ 10. That same day, he submitted an additional

administrative remedy to complain that Nurse Cruz rejected his earlier administrative remedy about his mental health needs. *Id.* at ¶ 11.

On January 30, 2023, Jusino received a sealed envelope with Nurse Cruz's handwriting on it containing the administrative remedy he had submitted on January 25, 2023, in which he had complained about Nurse Cruz. *Id.* at ¶ 11. There was a "big X" on the administrative remedy. *Id.*

On the basis of those facts, Jusino alleges that Nurse Cruz rejected his administrative remedies due to her retaliatory animus against him. *Id.* at ¶¶ 10, 13-14.

### III.   Discussion

As I will articulate below, this matter is dismissed without prejudice because it is clear from the facts of the complaint that Jusino has not exhausted his administrative remedies in compliance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

   A.   PLRA

The PLRA requires an incarcerated individual to exhaust administrative remedies before filing a federal lawsuit related to prison conditions. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The statute's exhaustion requirement applies to all claims regarding "prison life, whether they involve general circumstances or particular episodes." *Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002).

The PLRA requires "proper exhaustion," and the inmate must use all steps required by the administrative review process applicable to the institution in which he is confined and do so properly. *Jones v. Bock*, 549 U.S. 199, 217-18 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88

(2006)); *see also Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (exhaustion necessitates "using all steps that the [government] agency holds out and doing so properly"). "Exhaustion is mandatory—unexhausted claims may not be pursued in federal court." *Amador*, 655 F.3d at 96 (citing *Jones*, 549 U.S. at 211).

Exhaustion of administrative remedies is ordinarily an affirmative defense on which the defendant bears the burden of proof. *See Jones*, 549 U.S. at 216. A district court may, however, dismiss a complaint for failure to exhaust administrative remedies when that failure appears on the face of the complaint. *See id*. at 214-15 (complaint may be dismissed *sua sponte* "when an affirmative defense . . . appears on its face") (citation omitted); *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) ("[I]nmates are not required to specifically plead or demonstrate exhaustion in their complaints," but "a district court still may dismiss a complaint for failure to exhaust administrative remedies if it is clear on the face of the complaint that the plaintiff did not satisfy the PLRA exhaustion requirement") (quoting *Jones*, 549 U.S. at 216).

The exhaustion requirement may be excused, however, when the administrative remedy is not available in practice even if it is "officially on the books." *See Ross v. Blake*, 578 U.S. 632, 642-43 (2016). The Supreme Court has established three circumstances in which an administrative procedure is considered unavailable. Those circumstances are: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when a procedure is "so opaque that it becomes, practically speaking, incapable of use"; or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-44.

4

B. <u>Administrative Directive 8.9</u>

DOC has an administrative process in place for the resolution of inmate health services grievances, DOC Administrative Directive 8.9.[2] That directive allows incarcerated individuals to seek Health Services Administrative Remedies ("HSARs"). There are two types of HSARs available to an incarcerated person: remedies concerning a diagnosis or treatment made by a medical provider, including the decision to provide no treatment for an inmate; and remedies concerning an administrative issue to address "a practice, procedure, administrative provision or policy or an allegation of improper conduct by a health services provider." A.D. 8.9(6)(a)(i)-(ii).

Regardless of which type of HSAR an incarcerated person seeks to file, the process involves several steps. First, prior to filing any HSAR, the individual "must attempt to seek informal resolution" of the issue, including by attempting to resolve the issue verbally with the appropriate staff member. A.D. 8.9(6)(b)(ii)(1)-(2). If the verbal communication is unsuccessful, the individual "shall submit a written request via CN 9601, Inmate Request Form." A.D. 8.9(6)(b)(ii)(3). Although that second request is in writing, it is still considered an attempt at informal resolution of the issue. If an incarcerated person submits a written request, a DOC official must respond within fifteen business days from receipt of the written inmate request. A.D. 8.9(6)(b)(ii)(7). If the incarcerated person is not satisfied with the offered informal resolution, they may file an HSAR with the Inmate Request Form attached or an explanation indicating why the Form is not attached. A.D. 8.9(6)(b)(iii). The individual's HSAR Level 1 "must be filed within 30 calendar days of the occurrence or discovery of the cause of or reason for the request for the [HSAR]." A.D. 8.9(6)(b)(iii)(4).

---

[2] DOC's administrative directives are public records accessible at the following website: https://portal.ct.gov/DOC/Common-Elements/Common-Elements/Directives-and-Polices-Links (last visited July 28, 2023). The Court may take judicial notice of matters of public record. *See, e.g.*, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020) (taking judicial notice of BOP inmate location information).

An incarcerated person raising a claim about staff misconduct (such as Jusino's complaint about Nurse Cruz's conduct) must submit a completed HSAR Level 1, and the HSAR Coordinator shall issue a written response within thirty business days of receipt of the complaint. A.D. 8.9(6)(c)(ii)(1)-(3). If the incarcerated individual's administrative HSAR is not in compliance with the terms of Directive 8.9, it shall be rejected, but the individual may correct the deficiency within five calendar days. A.D. 8.9(6)(c)(ii)(2). If the incarcerated person does not correct the defect, the request for the administrative HSAR will be rejected without an opportunity for appeal. *Id.*

Once the administrative HSAR Level 1 is correctly submitted, if the incarcerated person does not receive a response within thirty business days (and the individual is not issued an Inmate Administrative Remedies Procedure—Notice of Time Extension), the individual may file an HSAR Level 2 ("Level 2 Appeal"). A.D. 8.9(6)(c)(ii)(4)(a). Alternatively, if the individual receives a response to their administrative HSAR but is dissatisfied with the response, they may, within five calendar days of receipt of the decision, file a Level 2 Appeal. A.D. 8.9(6)(c)(iii)(1). The Regional Chief Operating Officer shall conduct the Level 2 review and issue a response in writing within 30 business days. A.D. 8.9(6)(c)(iii)(2)-(3).

If the incarcerated individual does not receive a response to the Level 2 Appeal within thirty business days (and the individual is not issued an Inmate Administrative Remedies Procedure—Notice of Time Extension), the individual may file a CN 8903, Appeal of HSAR Level 3, within a prescribed time period ("Level 3 Appeal"). A.D. 8.9(6)(c)(iii)(4)(a). Level 2 Appeals are the final level of review unless the appeal challenges "Department-level policy," "the integrity of the [HSAR] procedure," or a failure to receive a timely response to a Level 2 Appeal. A.D. 8.9(6)(c)(iii)(5); A.D. 8.9(6)(c)(iv)(1).

A Level 3 Appeal must be filed within five calendar days of receipt of the returned Level 2 Appeal. A.D. 8.9(6)(c)(iv)(2). A written response to the appeal shall be provided within thirty business days of receipt. A.D. 8.9(6)(c)(iv)(3)-(4). There is no appeal from a Level 3 response. A.D. 8.9(6)(c)(iv)(5).

C.  Jusino's Constitutional Claims

Jusino complains that Nurse Cruz violated his First and Fourteenth Amendment rights when she rejected his HSARs on January 25 and January 30, 2023. *See* Doc. No. 1 at ¶ 1. Jusino filed his complaint in this action on February 1, 2023, seven days after Nurse Cruz rejected his HSAR on January 25, 2023, and two days after she rejected his second HSAR on January 30, 2023. *See generally* Doc. No. 1.

As previously outlined, the administrative procedure under Directive 8.9(6)(c) involves an informal resolution attempt, a grievance, and a grievance appeal. Each step includes time for the prison official to respond—fifteen business days for the informal resolution attempt, and thirty business days for the grievance and for a grievance appeal. *See* A.D. 8.9(6).

Jusino does not allege that he completed all of the administrative remedy steps under Directive 8.9 regarding his complaint about Nurse Cruz's conduct prior to his filing of this action on February 1, 2023. Indeed, this Court seriously doubts that seven days would be sufficient time for Jusino to exhaust his remedies regarding Nurse Cruz's conduct on January 25, 2023. Moreover, it is clearly not possible that Jusino could have exhausted his remedies in the two days following Nurse Cruz's alleged conduct on January 30, 2023. Jusino vaguely asserts that his administrative remedies were unavailable because Nurse Cruz thwarted his exhaustion attempts. *See* Doc. No. 1, at ¶ 6. However, even affording Jusino solicitude as a *pro se* litigant, his unavailability claim is wholly implausible. Directive 8.9 gives an individual thirty calendar days

7

from "the occurrence or discovery of the cause of or reason for the request for the [HSAR]" to file an HSAR Level 1. A.D. 8.9(6)(b)(iii)(4). Construing his claims liberally, Jusino had thirty days from January 30, 2023 (or by March 1, 2023) to file his HSAR Level 1 to complain about Nurse Cruz's alleged misconduct. Jusino has not alleged any facts suggesting that he was thwarted or precluded from filing a Level 1 HSAR during the period extending from January 30, 2023 through March 1, 2023.

I therefore conclude from the face of the complaint that Jusino's administrative remedies were still available to him on February 1, 2023, when he filed the instant complaint. Accordingly, I will dismiss Jusino's complaint as not exhausted pursuant to 28 U.S.C. § 1915A.

## IV.   Conclusion

For the foregoing reasons, Jusino's complaint, doc. no. 1, is **dismissed without prejudice**.

If Jusino believes he can allege facts to cure the deficiencies identified in this Order, he may file a motion to reopen the case and attach an amended complaint within **thirty (30) days** from the date of this Order.

Jusino must demonstrate that he satisfied his exhaustion requirements under the PLRA before initiating this action or he must explain why he is excused from that requirement based on the unavailability of administrative remedies. Jusino is advised that any amended complaint will completely replace the prior complaint in this action and that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

The Clerk is directed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 31st day of July 2023.

/s/ STEFAN R. UNDERHILL  
Stefan R. Underhill  
United States District Judge